392 So.2d 410 (1980)
STATE of Louisiana
v.
Charles K. WALLACE.
No. 80-K-2327.
Supreme Court of Louisiana.
December 15, 1980.
*411 Salvador J. Liberto, Jr., Folsom, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion Farmer, Dist. Atty., Abbott J. Reeves, John Williams, Asst. Dist. Attys., for plaintiff-respondent.
LEMMON, Justice.
This case presents the following issue: if an arrested person has been ordered released from custody (pursuant to C.Cr.P. art. 230.1 C) because of the sheriff's failure to bring him before a judge for the purpose of appointment of counsel within 72 hours of his arrest (as mandated by C.Cr.P. art. 230.1 A), is the person immune from rearrest *412 and incarceration pending trial when a legal ground for arrest otherwise exists?[1]

I.
Defendant was arrested on November 29, 1979 on numerous charges, but was not brought before a judge, as required by C.Cr.P. art. 230.1 A, until January 21, 1980. However, counsel for defendant had apparently been appointed within a short time after the arrest, because the public defender had on December 5, 1979 filed a motion for preliminary examination.
On January 29, 1980, following the preliminary examination, the trial court ruled that probable cause existed for holding defendant on two of the charges, aggravated battery and aggravated assault.
Being unable to furnish bail, defendant filed numerous writs, but remained incarcerated until September 5, 1980, when the trial court, in response to an application for a writ of habeas corpus, ordered defendant released from custody on the grounds that the sheriff had initially failed to bring him before a judge in 72 hours. The prosecution did not seek review of the trial court's order.
The sheriff, however, rearrested defendant on the same charges immediately after his release, virtually on the courthouse steps. Defendant filed a second application for habeas corpus on September 18, contesting the validity of the rearrest and again seeking release from custody. The trial court denied relief on September 25.
This court granted defendant's application for certiorari in order to review the trial court's refusal to order his release.

II.
This court decided in State v. Chaney, 384 So.2d 442 (1980), that an arrested person is entitled to release from custody and from bail if the sheriff fails to comply with art. 230.1 A, even when the arrested person has been interviewed by an indigent defendant's attorney within 96 hours of his arrest and before filing his application for habeas corpus to enforce art. 230.1 C.[2] Although the concurring opinion suggested that rearrest was available, the facts of the Chaney case did not present the issues of whether and under what circumstances a person released pursuant to art. 230.1 C may be rearrested for the same offense. Those issues are squarely presented by the facts of this case.
Defendant contends that once he was released from custody in the habeas corpus proceedings pursuant to a finding that the sheriff had failed to comply with art. 230.1, he is immune from rearrest on those same charges and cannot be incarcerated pending trial of those charges.[3] He argues that art. 230.1 C's sanction would be rendered totally ineffective if rearrest is allowed under those circumstances. On the other hand, the prosecution contends the Legislature did not intend to provide a possibly dangerous criminal (even one charged with a capital offense) with absolute immunity from incarceration pending trial when law enforcement *413 officers, perhaps inadvertently, were tardy in bringing the person before a judge.
The code and statutes do not expressly address the issue of rearrest following release ordered under the authority of art. 230.1 C. C.Cr.P. art. 367 does provide that "[a] person discharged from custody in a habeas corpus proceeding may be rearrested if a legal ground exists therefor". Clearly, art. 367 (adopted in 1966) was not specifically designed to authorize rearrest after release ordered pursuant to art. 230.1 C (which was not adopted until 1972).[4] Nevertheless, art. 367 literally applies by its terms to the situation presented here. And when the Legislature enacted art. 230.1 in 1972, it did nothing to except a release under art. 230.1 from the rearrest provisions of art. 367.[5]
The ultimate issue for judicial interpretation is the intended extent of the legislative sanction when the sheriff fails to bring an arrested person before a judge within 72 hours. The Legislature simply provided for release of that person.
We note that a person who is not brought before a judge within 72 hours of his arrest, as required by art. 230.1 A, not only is statutorily entitled to obtain release, but also has a claim for civil damages resulting from violation of the article's mandate. When an arrested person is released within (or at the expiration of) 72 hours, the sanction of release does not come into play, and the arrested person has only a claim for civil damages and then only if his initial arrest and the detention (of less than 72 hours) were illegal. But when an arrested person is held in custody more than 72 hours without being brought before a judge, then any detention thereafter is illegal, whether or not the initial detention was proper, and that detention (in excess of 72 hours) gives rise to (1) the right to immediate release and (2) a claim for civil damages for that illegal detention.[6]
We conclude that the availability of civil damages for detention beyond 72 hours without being brought before a judge is a sufficiently effective deterrent against intentional or inadvertent violations of art. 230.1 A. Therefore, we decline to interpret art. 230.1 C as entitling an arrested person to absolute immunity from rearrest and incarceration pending trial after release ordered pursuant to C.Cr.P. art. 230.1 C. The Legislature arguably could provide such an immunity as a sanction for intentional or non-intentional violations of art. 230.1's mandate, but the Legislature has not done so in express terms, and we decline to imply legislative intent for such a drastic action.
Furthermore, the illegality of detention beyond 72 hours ends (and the accrual to civil damages ceases) when a significant judicial event (such as the finding of probable cause at a preliminary hearing in the present case) subsequently occurs. Therefore, even if we interpreted C.Cr.P. art. 230.1 to prohibit rearrest generally after release because of illegal detention beyond 72 hours, such an interpretation would not apply in this case, inasmuch as the defendant waived his art. 230.1 rights to release by provoking a preliminary examination that resulted in a finding of probable cause.
Finally, defendant contends that even if he could be rearrested under the authority *414 of art. 367, no legal ground existed for his rearrest.
As noted above, the present case does not present a situation in which an arrest was followed by non-compliance with art. 230.1 A, and then followed by release ordered in a habeas corpus proceeding, and finally followed by rearrest. Here, after the 72-hour period elapsed, there was an intervening adversary judicial determination of probable cause at a preliminary examination, and the period of illegal detention (following the 72-hour period) ended with that judicial determination. Moreover, in this case the court had promptly appointed counsel to represent the interests of the defendant shortly after his initial arrest, and that counsel acted promptly in seeking the preliminary examination.
The "legal ground" for rearrest was not only the initial police determination of probable cause, but also the trial court's judgment ordering that the defendant be held in custody (unless released on bail) pending trial. C.Cr.P. art. 296. Thus, we find no difficulty in this case in determining that the defendant's rearrest was legally justified based on the intervening judicial event which culminated in the determination of probable cause.
The ruling of the trial court is affirmed.
AFFIRMED.
CALOGERO, J., concurs.
DIXON, C. J., and MARCUS and BLANCHE, JJ., concur and assign reasons.
DENNIS, J., concurs for reasons assigned by DIXON, C. J.
WATSON, J., concurs in the result.
DIXON, Chief Justice (concurring).
Only because the trial judge was probably in error in ordering the initial release of this defendant should we approve his rearrest. Counsel was appointed promptly; a motion for a preliminary examination was filed within a week; the hearing on the preliminary examination was held promptly. The record does not disclose any effort to make bail. Appointed counsel did not seek to have defendant brought before a judge for any purpose other than a preliminary examination.
This defendant received every safeguard provided for in C.Cr.P. 230.1 except a personal appearance before a judge within three days. In the absence of waiver, that prompt appearance before a judge is essential and must be provided. State v. Chaney, 384 So.2d 442 (La.1980). This opinion must not be construed as minimizing the important statutory obligation of the custodian to bring the accused before a magistrate promptly.
The disturbing element of the case is the failure of the state to seek an easily available, legally provided for, adequate remedy. The state did not even request a stay order to apply to this court. What happened (the sheriff rearrested the defendant as soon as the judge ordered him released) was too cute to be spontaneous. In all probability the unfortunate suggestion in the concurring opinion in State v. Chaney, supra, was considered and taken as an expression of this court. It was not, and must not be so considered. When a judge orders the release of a prisoner, he must not be rearrested on the same charges unless the illegality which caused his release has been removed. (See, for illustration, the Official Revision Comment to C.Cr.P. 367).[1]
For these reasons, I respectfully concur in the majority opinion.
*415 MARCUS, Justice (concurring).
I agree that an arrested person released pursuant to La.Code Crim.P. art. 230.1 can be rearrested for the same offense. Naturally, the rearrest must satisfy the requirements of law in order to be valid. Accordingly, I respectfully concur.
BLANCHE, Justice (concurring).
I concur, as the defendant was not immune from rearrest and incarceration pending trial when a legal ground for arrest otherwise existed. The statute provided no sanction whatsoever for non-compliance and the writer would not be willing to supply one that would permit dangerous persons charged with serious crimes to roam the streets until trial because of the sheriff's failure to comply with the law.
With regard to relator's right to damages against the sheriff, this writer does not have the slightest idea of what they may be or whether they are even due, preferring to cross that bridge when it is reached.
In short, the legislature has placed a duty on the sheriff without providing a sanction for his non-compliance therewith.
NOTES
[1] C.Cr.P. art. 230.1 provides:

"A. The sheriff having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein.
"B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
"C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
"D. The failure of the sheriff to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant."
[2] Prior decisions had held that the issue became moot once the defendant was tried and convicted. The decisions in appeals following convictions held that the initial failure did not invalidate subsequent proceedings.
[3] Clearly, defendant could be arrested for subsequently committed offenses or for previously committed offenses for which he was not initially arrested.
[4] See Acts 1972, No. 700. A 1977 amendment reduced the hours from 144 to 72. See Acts 1977, No. 395.
[5] This analysis assumes that the proper procedural device for challenging the sheriff's failure to comply with C.Cr.P. art. 230.1 is the application for a writ of habeas corpus. The "Great Writ" historically has been used to challenge preconviction custody which was unlawful at its inception or which, although initially lawful, had become unlawful due to some omission or event occurring after the arrest. See C.Cr.P. arts. 361 and 362(2). See also Acts 1980, No. 429. In enacting C.Cr.P. art. 230.1, the Legislature did not create a new procedural device for release under art. 230.1 C, and one could logically infer that the rearrest provisions of art. 367 are also applicable to release from custody in a habeas corpus proceeding brought to enforce art. 230.1 C.
[6] For an interesting discussion of civil liability of a sheriff arising from his illegal detention of a prisoner after charges had been dismissed, see Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969).
[1] "This article is taken from the source article, but it is considerably broader, since the source article permitted rearrest only under certain limited conditions. It is unlikely that this article leaves the door open for considerable abuse. In addition to the fact that another writ of habeas corpus is immediately available to the person in custody, any public official, who rearrests without legal cause and by the same methods or on the same grounds which the habeas corpus proceeding had declared illegal, not only subjects himself to a damage suit, but is probably guilty of malfeasance in office. Some states have specific provisions against rearrest except under certain circumstances and provide severe sanctions for violations of such provisions...."