GULOTTA, Justice ad hoc *.
In these consolidated cases, we are confronted with the sole issue whether a defendant who is ordered released forthwith because of a violation of the seventy-two-hour requirement of LSA-C.Cr.P. Art. 230.1[1] can thereafter be rearrested and required to post bond on the same charges. After their initial arrests, these defendants were not brought before a judge by local law enforcement officials within the seventy-two hours mandated by LSA-C.Cr.P. Art. 230.1(A).
These two cases arose out of similar factual circumstances. Benny Watkins was arrested by the Amite City Police Department and charged with second-degree murder on Saturday, October 4, 1980. On the following Wednesday, he was transferred to the Tangipahoa Parish Jail. On Friday, October 10, 1980, Watkins appeared before a judge who appointed counsel and set bail. At the time of Watkins’ initial appearance in court, his court-appointed counsel precipitated a hearing for Watkins’ immediate release because of failure of compliance with LSA-C.Cr.P. Art. 230.1. Following a brief hearing, the trial judge ordered Watkins’ release. The defendant was rearrested by Tangipahoa Parish authorities moments later, however, and was then immediately taken before the same judge who again appointed counsel and set bail.
In the second case, Benny J. Matthews was arrested and charged with aggravated arson. Thomas Sutton was booked as a material witness. These defendants were brought before a judge approximately one week after their arrest at which time coun *155 sel was appointed to represent them. In response to a petition for habeas corpus, a hearing was held and defendants were ordered released from custody. Shortly thereafter, however, new warrants for their arrests on the same charges were issued. Motions to quash the new warrants for Matthews and Sutton’s arrest were denied, as was the motion for release of Watkins.
This court granted certiorari in both cases, which have been consolidated for review.
It is Watkins’ contention that when he was rearrested on the same charge after his release had been ordered, the arresting authorities circumvented the clear mandate of LSA-C.Cr.P. Art. 230.1 as interpreted in State v. Chaney, 384 So.2d 442 (La.1980).
Matthews and Sutton claim the trial judge erred in refusing to quash warrants for their rearrest since they were charged with the same violations on which they had been ordered released approximately thirty minutes prior to the issuance of the new warrants. They reason that when the trial judge ordered their initial release his finding was analogous to a “no probable cause” conclusion after a preliminary hearing. According to these defendants, such a conclusion compels a result that they cannot be rearrested on the same charge, although they may be subsequently arraigned and tried for the same offense.
Before considering and disposing of the arguments raised, we note a significant dissimilarity between the Watkins case on the one hand and the Matthews and Sutton case on the other. In Matthews and Sutton’s case, warrants were issued for the rearrest of these defendants. In Watkins’ case, however, we fail to find any warrant for this defendant’s rearrest or any assertion that a warrant issued.[2] Since we find no warrant in the Watkins record, this significant dissimilarity compels different results in the two . cases.
In State v. Chaney, supra, we stated that the express, unequivocal language of LSA-C.Cr.P. Art. 230.1 mandates a prisoner’s release forthwith where he has been incarcerated in excess of seventy-two hours without being brought before a judge for the purpose of appointment of counsel. The Chaney case was followed by State v. Wallace, 392 So.2d 410 (La.1980), where this court affirmed the trial court’s refusal to release a rearrested defendant who had been released earlier for failure of compliance with LSA-C.Cr.P. Art. 230.1.
In the Wallace case, defendant filed a motion for preliminary examination and following a hearing the judge found the existence of probable cause. In a subsequent habeas corpus hearing, Wallace was ordered released for failure of compliance with LSA-C.Cr.P. Art. 230.1. After release, Wallace was rearrested on the same charge and a second habeas corpus application was filed, seeking Wallace’s release from rearrest. This application was denied.
In the lead opinion in the Wallace case, Justice Lemmon pointed out there is no “absolute immunity” from rearrest after release under LSA-C.Cr.P. Art. 230.1(C).[3] Although the code and statutes did not expressly address the issue of rearrest following release ordered under the authority of LSA-C.Cr.P. 230.1, LSA-C.Cr.P. Art. 367 *156 provides that a person discharged from custody in a habeas corpus proceeding may be rearrested, “if a legal ground exists therefor.” The lead opinion in Wallace further points out that the defendant waived his 230.1 right to release after rearrest by provoking a preliminary examination resulting in a finding of probable cause. Although the concurring opinions in Wallace assigned different reasons, the one common thread recognized in the concurrences is that rearrest is dependent upon the existence of legal grounds therefor. See LSA-C.Cr.P. Art. 367.
The instant cases are different from Wallace in that no preliminary hearing was sought and the question of probable cause not passed upon by the trial judge. Watkins simply moved to quash the rearrest and Matthews and Sutton sought release by application for writ of habeas corpus. The question in our cases, therefore, revolves around a determination whether legal grounds existed for the rearrest of these defendants.
As hereinbefore pointed out, our search has failed to reveal the existence of a warrant for the rearrest of Watkins. Watkins was ordered released for failure of compliance with LSA-C.Cr.P. Art. 230.1, but was then simply rearrested without a warrant and without a determination of probable cause.
We further find no indication in the record that a warrantless rearrest was justified pursuant to LSA-C.Cr.P. Art. 213.[4] Watkins’ rearrest was not a warrantless, on-the-street restraint of his liberty based on a peace officer’s reasonable belief Watkins had committed an offense. See LSA-C.Cr.P. Art. 213(3). It was not an arrest made under exigent circumstances where it was impossible to obtain a prior warrant. Indeed, there is no showing of any reason why the police could not have obtained a warrant prior to rearresting Watkins. Since no legal grounds existed for Watkins’ rearrest, it is readily ascertainable that the initial release order was circumvented to the extent that it was as if not rendered. The validity of the proceedings following Watkins’ rearrest is therefore questionable. See LSA-C.Cr.P. Art. 230.1(D) and Justice Marcus’ concurrence in Wallace. We conclude under these circumstances that the rearrest of Watkins was simply a “revolving door” procedure not contemplated by either the Codal provision or Wallace.
On the other hand, in Matthews and Sutton’s case warrants were issued for their rearrest.[5] The issuance of these warrants by the judge is based upon a complaint that a crime had been committed. We find no compelling reasons why rearrest under these circumstances is proscribed. Because of the issuance of the warrants, legal ground existed for Matthews and Sutton’s rearrest. See LSA-C.Cr.P. Art. 367.
Accordingly, consistent with the foregoing, it is ordered that the judgment of the trial court in State v. Bennie Watkins, Jr. denying the request for release from rearrest be rescinded and set aside. Bennie Watkins, Jr. is ordered released from custody forthwith, without bail. Our judgment *157 does not preclude Watkins’ arraignment and prosecution on the charge for which he was rearrested.[6]
It is further ordered that the trial court’s judgment denying the motion to quash the warrants for the rearrests of Bennie J. Matthews and Thomas Sutton is affirmed.
DIXON, C. J., concurs in part and dissents in part with reasons.
CALOGERO, J., concurs in part and dissents in part for reasons to be assigned by DIXON, C. J.
DENNIS, J., concurs in the decree as to Watkins and dissents from the decision and opinion as to Matthews and Sutton.
BOUTALL, J., ad hoc, concurs in part and dissents in part with reasons.
SCHOTT, J., ad hoc, concurs in part and dissents in part with reasons.

 Judges James C. Gulotta, John C. Boutall and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack Crozier Watson.

. LSA-C.Cr.P. Art. 230.1 reads as follows:
“A. The sheriff having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein.
ts. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
D. The failure of the sheriff to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.”

. The only reference to a warrant that we can find is in the State’s argument near the conclusion of the hearings to quash rearrest, where the district attorney made reference to the defendant’s rearrest “... on a Sheriffs Office charge and warrant for Second-Degree Murder.”
In a supplemental brief Watkins points out that a warrant for his rearrest was issued on October 15, 1980, five days after he was rearrested.

. Significant language in Wallace is
“[1,2] We conclude that the availability of civil damages for detention beyond 72 hours without being brought before a judge is a sufficiently effective deterrent against intentional or inadvertent violations of art. 230.1A. Therefore, we decline to interpret art. 230.1C as entitling an arrested person to absolute immunity from rearrest and incarceration pending trial after release ordered pursuant to C.Cr.P. art. 230.1C. The Legislature arguably could provide such an immunity as a sanction for intentional or non-intentional violations of art. 230. l’s mandate, but the Legislature has not done so in express terms, and we decline to imply legislative intent for such a drastic action.”

. LSA-C.Cr.P. Art. 213 reads as follows:
“Art. 213. Arrest by officer without warrant; when lawful
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
(4)The peace officer has received positive and reliable information that another peace officer holds a warrant for the arrest.
A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest.”

. A copy of a criminal warrant for Matthews’ rearrest, which is signed by the judge and based on a police officer’s sworn complaint, is attached to the writ application. In his motion to quash the warrant, Sutton states that a warrant was issued for his rearrest.

. Watkins points out that subsequent to the filing of the application for supervisory writs, he has been charged with manslaughter. According to Watkins, he entered a plea of not guilty after arraignment and no trial date has been set.