SHORTESS, Judge.
William Joseph Richard (plaintiff) filed suit against the State of Louisiana, through the Department of Public Safety (defendant) for damages allegedly resulting from a false arrest.[1] The trial court found that plaintiff failed to prove his case and dismissed the suit. Plaintiff has appealed.
On March 13, 1981, plaintiff and his girlfriend were driving north on Highway 51 en route to the Jaycee Hall in Amite, where plaintiff was engaged to perform with the “Deja Vu” band in connection with the Oyster Festival. Plaintiff dropped a hairbrush or some other article which fell to the floor. When he looked down to pick it up, he lost control of his car. He stated that “[t]wo wheels of the car slipped off the road on the right side and when I tried to maintain control of the car it crossed the road and went into the ditch on the South bound side of the road.” Neither the plaintiff nor his passenger was hurt. A man who stopped to offer assistance gave them a ride to the Jaycee Hall. Upon arrival, the plaintiff went immediately to the bandstand and began playing music.
Plaintiff’s girlfriend testified that she reported the accident to Kimble Kelly Calmes, a weights and standards policeman who was hired by the band for security. He instructed her to report to Deputy Ronnie *1267 Sanders of the Tangipahoa Parish Sheriffs Office, who was present at the dance. Deputy Sanders was not on duty and was not in uniform. Deputy Sanders testified that the Sheriff’s Office did not have jurisdiction over the area where the accident occurred. However, Deputy Sanders told plaintiff that he need not return to the scene of the accident or go to the Sheriff’s Office. He suggested that plaintiff’s parents take plaintiff’s driver’s license to the investigating officer at the scene so that plaintiff could continue to play.
During a break, plaintiff discussed the accident with his parents, the band members, and with Deputy Sanders. Plaintiff’s parents and sister informed him that Trooper Harold Todd wanted to speak with him. Plaintiff did not attempt to contact Todd and continued to play. While plaintiff was performing, Todd and another trooper entered the Jaycee Hall from a rear entrance and signaled to plaintiff from the foot of the stage to follow them. Plaintiff was led outside by the two officers who handcuffed and searched him. He was arrested, issued two tickets,[2] and taken to jail. Plaintiff was booked for failure to maintain control and for hit and run. He was released on his own recognizance.
Todd had been notified over the radio that a vehicle was off the road in a ditch and that the accident involved injuries. When he could find no one at the scene of the accident, he became concerned and searched the area for injured persons. When plaintiff’s sister came to the scene, Todd told her that he needed to talk to plaintiff in order to fill out his accident report. When plaintiff’s parents returned with his driver’s license, Todd informed them also that he needed to speak to plaintiff. Plaintiff’s parents told Todd that they would bring him to the Sheriff’s Office. Todd waited for about one hour, then called Troop L and informed them that he was going to make an arrest. Todd further testified that he had been instructed at the State Police Academy to interview the operator of a vehicle involved in an accident; that he was concerned about a possible drinking violation; that the arrest was very “low-keyed”; that plaintiff was not handcuffed or patted down until they were outside; and that he wrote two tickets, one for failure to maintain control and one for hit and run, which formed the basis for the arrest.
Records reflect that Todd only remained in the Jaycee Hall for about five minutes; that it took only five to ten minutes to take plaintiff to jail and that he was booked at 1:25 a.m. and released at 1:45 a.m.
False arrest occurs when one arrests another against his will without a warrant or other statutory authority. It is restraint without color of legal authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). Thus, if a police officer acts pursuant to statutory authority in arresting a citizen, he is not liable in damages for false arrest.
Louisiana Code of Criminal Procedure article 213(3) is the statutory authority for the arrest in the instant case. It provides that an officer may make a warrant-less arrest for an offense committed out of his presence if he has reasonable cause to believe that the person to be arrested has committed an offense.[3] Reasonable cause exists when the facts and circumstances within the arresting officer’s knowledge, and as to which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the person to be arrested has committed or is committing an offense. State v. Phillips, 347 So.2d 206 (La.1977).
In the instant case, the arresting officer went to the scene of the accident and saw the overturned vehicle. He was informed by plaintiff’s parents and sister *1268 that plaintiff was the owner and operator of the vehicle, and that he had been operating the vehicle when it went into the ditch. Todd informed plaintiff’s relatives that he needed to speak to plaintiff, but plaintiff never attempted to contact him. Based on what Todd saw and what plaintiff’s relatives told him, he had probable cause to believe that plaintiff had committed the offense of failure to maintain control,[4] in violation of La.R.S. 32:58. This statute provides:
“It shall be unlawful for the driver of any vehicle to negligently fail to maintain reasonable and proper control of said vehicle while operating the vehicle on the public roads of this state.”
Traffic regulations are penal in nature and violations of same are punishable by imprisonment and by fine. La.R.S. 32:57. The authority to arrest a person for a violation of a traffic regulation is based on La. R.S. 32:391. Moss v. Maryland Cas. Co., 392 So.2d 772 (La.App. 3rd Cir.1980).
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. The Department of Public Safety was sued as the employer of Harold Todd, the State Trooper who arrested plaintiff.

. The tickets charged him with (1) violating La.R.S. 32:58, failure to maintain control, and (2) violating La.R.S. 14:100, hit and run.

. Louisiana Code of Criminal Procedure article 933 provides that offense includes both a felony and a misdemeanor and that misdemeanor includes the violation of an ordinance providing a penal sanction. See also, State v. Hammett, 359 So.2d 126 (La.1978).

. Since Todd had probable cause on the failure to maintain control offense, it is unnecessary to discuss the hit and run offense.