LINDSAY, Judge.
The defendant, Donald Gardner, was charged with possession of marijuana in violation of LSA-R.S. 40:966. Supervisory writs were granted by this court in order that a review could be made of the trial court’s ruling on the defendant’s motion to suppress. The defendant contends that he was unlawfully arrested for the offense of failure to maintain control of his vehicle, LSA-R.S. 32:58, and that the trial court erred in denying the motion to supress the marijuana found pursuant to a search of his person after the arrest. Upon a thorough consideration of the applicable jurisprudence and statutory authority, we affirm the trial court's ruling.
At the hearing on the motion to suppress, the evidence showed that on the evening of November 13, 1984, the defendant was traveling north on U.S. Highway 165 in Morehouse Parish. As he approached a curve in the road, the defendant’s automobile left the roadway and traveled into a ditch. The defendant’s car came to an abrupt stop in the ditch causing the defendant to strike his head on the steering wheel. In pain, the defendant was able to exit the vehicle following the accident. A passing motorist stopped to render aid and and this motorist took the defendant to the Morehouse General Hospital so that his head injury could be treated. Soon after-wards, Officer Cleve Lawrence of the Morehouse Parish Sheriff’s Department was notified of the accident and upon investigation, received information that the owner of the vehicle in the ditch was at the emergency room of the hospital. Officer Lawrence then radioed instructions to another officer, Deputy Danny Robinson, to “stand-by” at the hospital until Lawrence arrived. Robinson and another officer proceeded to the hospital where they met the defendant who had been treated and released from the hospital. The officers accompanied the defendant outside to the parking lot to ask him some questions. When Officer Lawrence arrived, he ascertained the defendant’s identity and advised him of his Miranda rights. The record reveals that the defendant was a resident of Bastrop, Louisiana, and possessed a Louisiana driver’s license. The officers then questioned the defendant, asking whether he owned the car and how the accident occurred. After the defendant explained what happened, asserting he was trying to avoid an oncoming vehicle, Officer Lawrence administered a field sobriety test which the defendant apparently passed. The defendant was informed at that time that he was being arrested for failure to maintain control of his vehicle, that he would be given a ticket for that offense, and that he would have to accompany the officers to the courthouse in order to post bond. Thereafter, pursuant to this full custody arrest, the defendant was searched.
There is some discrepancy in the testimony of Officer Lawrence and that of the defendant in describing the precise circum *940 stances leading to the search. The defendant testified that after the field sobriety test he was placed in the patrol unit while Officer Lawrence went to speak with the other officers. The officer then returned, removed the defendant from the police car, and proceeded to conduct a pat down search. Describing the events in a slightly different way, Officer Lawrence testified that following the field sobriety test he informed the defendant that he was being arrested for failure to maintain control and he then conducted the pat down search prior to putting the defendant in the police car. In any event, the defendant was searched, and during the course of the search, the officer felt a bulge in the defendant’s left sock. He reached inside the sock and found a bag of green vegetable matter alledged to be marijuana. The officer then advised the defendant of his Miranda rights again and informed him that he was also under arrest for possession of marijuana.
The primary issue in this case is whether the defendant was lawfully arrested for the offense of failing to maintain control of his vehicle or whether the officer was required to issue a summons in lieu of making an arrest. If the defendant was lawfully arrested, the subsequent warrantless search would be proper as “it is well-settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.” United States v. Robinson, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973). In both Robinson, supra and Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), the United States Supreme Court upheld searches and seizures made incident to full custody arrests of persons for traffic violations.
In addressing the issue of whether he was properly arrested, Defendant Gardner first argues that his ownership of a vehicle found slightly damaged in a ditch, is not sufficient evidence to constitute probable cause to detain and arrest him for failure to maintain control of his vehicle in violation of LSA-R.S. 32:58. This statute provides:
It shall be unlawful for the driver of any vehicle to negligently fail to maintain reasonable and proper control of said vehicle while operating the vehicle on the public roads of this state.
C.Cr.P.Art. 213(3) provides relevant statutory authority for a police officer to make a warrantless arrest in certain situations. It provides:
A peace officer may, without a warrant, arrest a person when: ... (3) The police officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer ....
As explained by the Louisiana Supreme Court in State v. Drew, 360 So.2d 500 (La.1978), cert. denied 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979), reasonable cause under C.Cr.P.Art. 213 has been treated as consonant with the probable cause concept. It exists when “facts and circumstances known to the arresting officer and of which he has reasonable trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime.” (citations omitted) Id. at 510.
In this case, Officer Lawrence, at the scene of the accident viewed the unattended automobile in the ditch. He was notified that the owner of that vehicle was in the hospital being treated for head injuries. It was logical for the officer to conclude that the owner was involved in the accident; therefore, Officer Lawrence was justified in sending another officer to the hospital to “stand-by” until Lawrence could arrive to speak with the owner, Defendant Gardner.
Under these facts, the investigating officers were clearly authorized to temporarily detain the defendant at the hospital and make additional inquiry about the case. They were also justified in conducting a field sobriety test to determine whether there was any basis upon which to charge the defendant with the offense of DWI. *941 These investigative procedures were, in fact, properly carried out.
After being apprised of the defendant’s identity and learning that he was the driver of the vehicle when it ran into the ditch, Officer Lawrence possessed sufficient facts to justify his probable cause determination that the defendant should be charged with failure to maintain control. See Richard v. State through Department of Public Safety, 436 So.2d 1265 (La.App. 1st Cir.1983), writ denied 441 So.2d 1223 (La.1983). The officers were entitled to place the defandant under full custody arrest in light of C.Cr.P. 213, a finding of probable cause and the authority of Richard v. State, supra, which held that an officer may make an arrest for the offense of failure to maintain control.
Further authority for the full custody arrest of the defendant is found in LSA-R.S. 32:391. Subsection A of this statute provides that when a person is arrested for a violation of an offense contained in Chapter 1 of the Louisiana Highway Regulatory Act or any regulation of the department or of the secretary of the Department of Public Safety, which includes the offense of failure to maintain control, LSA-R.S. 32:58, then a summons shall be issued. The person arrested then has the option of remaining in custody pending his furnishing bail or depositing his operator’s license with the arresting officer (R.S. 32:391 A). The statute goes on to provide that if the person holds a valid Louisiana license and gives his written promise to appear at the time and place stated, then the officer may release him from custody or take him immediately before a magistrate but shall not require the person arrested to deposit his license (R.S. 32:391 B).
However R.S. 32:391 C eliminates these options in certain situations as it states:
C. This Section does not apply to any person charged with an offense involving or contributing to an accident resulting in injury or death to any person, or to any person charged with driving while under the influence of intoxicants or narcotics, or to any person whom the arresting officer has good cause to believe has committed any felony or misdemeanor, [1] and in any of these cases the arresting officer shall immediately take the person arrested before the nearest or most accessible magistrate having jurisdiction, (emphasis supplied)
This portion of the statute is generally designed to deal with those situations the legislature has considered to be more serious than simple violations of the Highway Regulatory Act where no accident, injury or damage has occurred. Therefore, in situations contemplated by C above, the arrested person must be taken before a magistrate, i.e., the statute directs that he shall be subjected to a full custody arrest, rather than being issued a summons with the options available under R.S. 32:391 A and B, supra. In the present case, the defendant was charged with failure to maintain control, “an offense involving or contributing to an accident resulting in injury ... to any person_”
However, the defendant contends that C.Cr.P.Art. 211 prohibited his arrest and required the officer to issue a summons in lieu of effecting a full custody arrest for this misdemeanor offense.
LSA-C.Cr.P. Art. 211 provides:
Summons by officer instead of arrest and booking.
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, he shall give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that person will appear upon summons;
*942 (2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place, (emphasis supplied)
This statute was amended in 1982 changing the language in the introductory paragraph from “may” to “shall,” thereby mandating the issuance of a summons if the three enumerated conditions can be met. However, C.Cr.P.Art. 211 does not apply to the limited factual situation presented here where the officer is given statutory direction by LSA-R.S. 32:391 to effect a full custody arrest.
Both C.Cr.P.Art. 211 and R.S. 32:391 provide for the mandatory issuance of a summons in lieu of a full custody arrest if certain provisos are met, and are thus consistent in that respect. However, R.S. 32:391 C provides a specific authorization for the arresting officer’s traditional discretion to institute a full custody arrest. As the statute is more specific with respect to the facts in the instant case, R.S. 32:391 C appearing in the Highway Regulatory Act and dealing with traffic offenses must control. Under this specific mandate from the legislature, the officer did not exceed his authority in effecting a full custody arrest to bring the defendant before the nearest and most accessible magistrate instead of merely issuing the defendant a summons.
As the arresting officer effected a lawful custodial arrest in this case, the search of the defendant was also lawful and the trial court properly denied the defendant’s motion to suppress. Accordingly, we affirm his decision.
AFFIRMED.

. If, during the course of an investigation being conducted under this section, an officer finds probable cause to believe an individual has committed some other unrelated "misdemean- or,” in connection with the traffic investigation, as provided in R.S. 32:391, then the provisions of C.Cr.P. Art. 211 may come into play and a full custody arrest would be authorized only under the provisions of that article. However, that is not the situation presented here.