hPETERS, Judge.
This is a suit by Jerbert Frank for personal injury damages arising out of a battery committed against him by the victim of a crime that Mr. Frank allegedly perpetrated. The battery occurred while Mr. Frank was seated in the back of the police car during a field identification by an eyewitness. Mr. Frank appeals the judgment that dismissed his claim against the City of Ville Platte, which had custody of Mr. Frank at the time of the battery.
DISCUSSION OF THE RECORD
On the night of October 8, 1996, Ermon McCauley and his wife were at the home of Herman Doyle. Mr. McCauley’s vehicle was parked in Mr. Doyle’s driveway. As Mr. Doyle was bringing his dog outside, he noticed that someone was in Mr. McCauley’s vehicle. Mr. Doyle began chasing the perpetrator, and he yelled |2at those inside of his house to call the police. The perpetrator had a booksack in his hand, and at some point, he threw it at Mr. Doyle. Mr. Doyle eventually gave up the chase. ■
Officer Pat Foret, an officer with the Ville Platte Police Department, received a call that some people were arguing. Hé and Officer Neal Lartigue, who was in a separate vehicle, met up with Mr. Doyle, who informed them' that someone had been digging in a car at his house and that he had chased the person down the road. Mr. Doyle told the officers that the perpetrator was dressed in white pants, a white shirt, and a cap and was a black person. Officer Foret then went in the direction of the chase to try to find the perpetrator. Officer Foret came upon another individual who told the officer that he had seen a black person in white pants, a white shirt, and a cap, running.
Officer Foret found Mr. Frank, who fit the description given to him, approximately two and one-half blocks from Mr. Doyle’s home. Officer Foret testified that Mr. Frank was sweating and was short of breath. Officer Foret told Mr. Frank that someone had just burglarized a vehicle and that Mr. Frank fit the description. He asked Mr. Frank to accompany him to the crime scene to see if he could be identified, and Mr. Frank consented. At trial, Mr. Frank denied being winded or sweating and denied having committed the burglary. Additionally, Mr. Frank testified that he was wearing light gray pants, a white shirt with brown stripes, and a cap.
Officer Foret took Mr. Frank to Mr. Doyle’s home for a field identification. Mr. Frank sat in the backseat of the police unit, but Officer Foret did not lock the back doors. Mr. Doyle identified Mr. Frank as the perpetrator of the offense. The testimony is conflicting as to whether Officer Foret remained in the police ear during the identification, but it is undisputed that Mr. McCauley grabbed Mr. Frank. Mr. Frank testified that Mr. McCauley grabbed him by the collar and tried to pull him out of the hear. According to Mr. Frank, the top of his head hit the doorway of the car and Mr. McCauley struck him once or twice. Mr. McCauley was arrested for battery and for interfering with the duties of an officer. Mr. Frank was arrested for simple burglary and theft of a booksack of a value of less than $100.00.
At the time of his arrest, Mr. Frank was out on parole for a prior offense. He was detained as a parole violator and did not receive a seventy-two-hour hearing until October 23, 1996. Although Mr. Frank maintains his innocence, he ultimately pled guilty to simple burglary to avoid being tried as a multiple offender.
Mr. Frank filed the instant suit against the City of Ville Platte, seeking damages for the *532 battery committed on him while he was in the exclusive custody of the City and for false imprisonment for fifteen days while awaiting the seventy-two-hour hearing.[1] The trial court found no liability on the part of the City and dismissed Mr. Frank’s suit. Mr. Frank appeals.
OPINION
Generally, a police officer owes a general duty to a prisoner to save him from harm, and the officer is liable for the prisoner’s injuries resulting from a breach of such a duty. Manuel v. City of Jeanerette, 95-1202 (La.App. 3 Cir. 9/10/97); 702 So.2d 709. However, this means that the police officer must do only what is reasonable under the circumstances, and he is liable for only a certain category of risks to which his prisoner may be subjected. Langford v. City of Leesville, 442 So.2d 1375 (La.App. 3 Cir. 1983).
In Langford, the plaintiff sued for the wrongful death of his son, who shotUhimself after admitting involvement in a burglary and theft. The son had accompanied officers to his residence to assist them in recovering the stolen goods. After assisting the officers, the son broke and ran into the house, locking the door behind him. He then shot himself. The court of appeal affirmed the trial court’s finding of no liability on the part of the employers of the officers, explaining that since there was no evidence showing that the son had suicidal tendencies or a propensity to harm himself, the risk of harm encountered, i.e., that the son would intentionally escape for the purpose of harming himself, did not fall within the scope of the duty owed by the officers to save their prisoner from harm.
In Garrison v. City of Berwick, 417 So.2d 48 (La.App. 1 Cir.1982), the plaintiff sued for injuries sustained when her brother-in-law struck her in the face while the two were being transported to the police station in the back of the police car after having been arrested. In that ease, the plaintiff and her brother-in-law had been arguing, and the plaintiff allegedly had fired several shots in her brother-in-law’s direction. The brother-in-law had also obtained a gun and fired a shot in the air. Officers arrested and handcuffed the hostile plaintiff, who struggled against the officers. The brother-in-law told the officers that he did not want to be handcuffed but that he would go voluntarily with them. At the time, a rather large and hostile crowd had gathered, and one of the officers felt it was in the best interest of all to avoid delay and allow the brother-in-law to get into the police car even though he was not handcuffed. On the way to the police station, which was approximately five minutes from the scene of the arrests, the officers became aware that the two were arguing in the backseat. The plaintiff began ridiculing her brother-in-law, and the brother-in-law testified that she was also spitting on him and kicking him. The brother-in-law struck the plaintiff in the face, wounding her eye. The plaintiff filed suit against the City of Ber-wick, the two officers, and her |sbrother-in-law. A jury denied the plaintiffs claims against the City and the officers. The court of appeal found no manifest error in the jury’s decision, finding that the officers acted reasonably in handcuffing the hostile plaintiff and allowing the brother-in-law to remain without handcuffs due to his comparatively cooperative nature and the need to get away from the increasingly hostile crowd. Additionally, the court of appeal found that the officers acted reasonably in transporting the arrestees. Specifically, one of the officers attempted to prevent the harm by stopping the car and announcing he was going to handcuff the brother-in-law. However, the other officer advised him to proceed to the police station because six or seven cars containing the plaintiffs neighbors were following closely behind. As soon as the brother-in-law hit the plaintiff, the car was stopped and the two were separated.
In the instant case, Officer Foret testified that he brought Mr. Frank to Mr. Doyle’s home for a field identification so that if Mr. Doyle did not make the identification, *533 Mr. Frank could go home. Mr. Frank was in the backseat of the police car at the time of the identification, although the testimony differs as to whether the door of the police car was open or closed just prior to the battery. The battery of Mr. Frank was not committed by the eyewitness, who was directly involved in the field identification, but by the victim of the crime, who Officer Foret testified that he did not even know was at the scene. Both Officer Foret and Mr. Doyle testified that they did not have any indication that Mr. McCauley was going to cause any harm to Mr. Frank. The simple burglary and theft of the booksack were not crimes of violence but involved only property, and the record does not indicate that the property was damaged or that Mr. McCauley suffered any permanent loss as a result of the crimes. Additionally, Officer Foret testified that there had not been any report of violence committed by Mr. McCauley at the home of Mr. Doyle. Under these circumstances, |6it was not unreasonable for Officer Foret to fail to anticipate that Mr. McCauley would reach into the police car and commit a battery upon Mr. Frank. Although any crime presents the potential for a “charged” situation, due to the relatively minor nature of the crime; the benefit to both Mr. Frank and the public at large in obtaining a quick and accurate identification; the proximity in time of the commission of the crime, the apprehension of the alleged perpetrator, and the identification of the alleged perpetrator; and the lack of any indication that Mr. McCauley would cause physical harm to Mr. Frank, we find no manifest error in the conclusion that Officer Foret did not breach his duty to act reasonably under the circumstances. Thus, we affirm the finding of no liability on the part of the City in that regard.
We now address whether the City is liable for holding Mr. Frank for fifteen days before the seventy-two-hour hearing. The record contains a letter dated October 9, 1996, to the chief of police and the sheriff from the probation and parole director, which granted them authority for holding Mr. Frank. The letter states:
Would you please accept this letter as your authority to hold Jerbert Frank who was placed in the Ville Platte City jail by Police Officers on 10-8-96. Please show this subject as being detained for this Department as a Parole violator.
Mr. Frank testified that on October 18, someone talked with him to see -whether he wanted to defer his hearing until a later date. As we-appreciate his testimony, Mr. Frank was given the option of having his parole deemed violated or deferring his seventy-two-hour hearing to see if the charges against him would not be brought. Mr. Frank agreed to a deferred hearing, which was held on October 23,1996.
La.Code Crim.P. art. 230.1 provides in part:
A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any ease within seventy-two hours from the time of the arrest, before -a judge for the purpose of appointment of counsel....
_ll- • • •
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
In State v. Wallace, 392 So.2d 410 (La.1980), the supreme court noted that a person who is not brought before a judge within seventy-two hours of his arrest as required by La. Code Crim.P. art. 230.1(A) not only is statutorily entitled to be released, but also has a claim for civil damages resulting from the violation of the Article’s mandate. The court explained:
When an arrested person is released within (or at the.expiration of) 72 hours, the sanction of release does not come into play, and the arrested person has only a claim for civil damages and then only if his initial arrest and the detention (of less than 72 hours) were illegal. But when an arrested person is held in custody more than 72 hours without being brought before a judge, then any detention thereafter is illegal, whether or not the initial detention was proper, and that detention (in excess of 72 hours) gives rise to (1) the right to *534 immediate release and (2) a claim for civil damages for that illegal detention.
Id. at 413.
In Mitchell v. Windham, 469 So.2d 381 (La.App. 3 Cir.1985), the plaintiff was arrested on April 25, 1980, pursuant to a request from Oklahoma authorities and was not brought before a judge until May 8, 1980. The sheriff testified that he thought the plaintiff had been brought before a judge ■within seventy-two hours and that there must have been a mistake in not taking him before the judge within that time. The third circuit found that under the facts of the case, the plaintiff was entitled to a seventy-two-hour hearing even though he was awaiting extradition. The third circuit affirmed the trial court’s summary judgment in favor of the plaintiff as to his claim for illegal detention beyond seventy-two hours. The court of appeal awarded the plaintiff $2,000.00 in damages, which included special damages.
In the instant case, the City had custody of Mr. Frank and the City failed to bring Ighim before a judge within seventy-two hours. Even though on October 18, 1996, Mr. Frank agreed to defer the hearing, he was still held over seventy-two hours prior to the deferral. Chief Robert Landreneau testified that his department probably waited fifteen days before giving Mr. Frank a seventy-two-hour hearing because he was on probation hold. He testified: “We let the probation people handle that thing. Once they put him on a hold, that’s their baby.” However, under La.Code Crim.P. art. 230.1(A), it is the law enforcement officer who has custody of the arrestee who is required to bring the arres-tee for a seventy-two-hour hearing. In Mitchell, even though the plaintiff was arrested pursuant to the request of the Oklahoma authorities and was awaiting extradition, the third circuit found liability on the part of the sheriff who had custody of the plaintiff. Likewise, in the instant case,' we find liability on the part of the City through its officers for failing to bring Mr. Frank before a judge within seventy-two hours of his arrest. The trial court erred in holding otherwise. Having found the City liable, we award general damages- of $2,500.00 for the illegal detention beyond seventy-two hours. We have found no evidence of special damages.
DISPOSITION
For the foregoing reasons, we reverse the judgment to the extent of the dismissal of Mr. Frank’s claim on the basis of the illegal detention beyond seventy-two hours, and we award general damages of $2,500.00 in connection therewith. We affirm the judgment in all other respects. We assess costs of this appeal to the City.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. Mr. Frank amended his petition to name Mr. McCauley as an additional defendant, but on joint motion of Mr. Frank and Mr. McCauley, a judgment of dismissal was entered as to the claim against Mr. McCauley.