Dear Chief English:
You requested an opinion of this office regarding whether Louisiana law gives police officers discretion to cite, or not to cite a motorist who has been involved in a minor traffic accident commonly known as a "fender bender."
A peace officer, under Article 213 of the Code of Criminal Procedure, has the discretionary authority to make an arrest without a warrant of any person if he or she has "reasonable cause to believe that the person to be arrested has committed an offense. . . ." See State v. Thompson, 399 So.2d 1161, 1165 (La. 1981).[1]
This means that an officer may exercise discretion in choosing to arrest or not arrest someone he or she suspects has engaged in criminal conduct, including traffic code violations.
We believe that this opinion does not conflict with the decision in State v. Gardner,476 So.2d 938 (La. App. 2nd Cir. 1985). There, the court was dealing with a situation where an officer had decided to make an arrest and the issue was whether in order to effect the arrest the officer was required to issue a summons or was he required to take the arrestee into custody. The Court determined that the requirement that a summons be issued in lieu of a custodial arrest was not applicable and the motorist was properly subjected to a full custodial arrest pursuant to R.S. 32:391(D).[2] TheGardner decision did not address the *Page 2 
issue of whether there were circumstances where a peace officer has a mandatory duty to arrest someone.
The decision as to whether or not to arrest someone (by issuance of a summons or otherwise) rests within the discretion of the responding officer. The question of whether the issuance of a summons or a full custodial arrest should be the course of action taken to effect an arrest does not arise until a discretionary decision to arrest has been made. R.S. 32:391 and Gardner
have no bearing on the initial decision of whether to arrest and only come into play after the pivotal discretionary decision to arrest has been made under the particular circumstances of the incident under investigation.[3]
Thus, the answer to your question, in the opinion of this office, is that Louisiana law gives police officers the discretion to cite, or not to cite, a motorist who has been involved in a minor traffic accident or who may have otherwise violated the traffic laws, but if the officer decides to cite a traffic offense, a summons must be issued in lieu of a full custodial arrest unless the cited offense involves one of the exceptions listed in La.R.S. 32:391(D).
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KURT WALL DIRECTOR, CRIMINAL DIVISION Assistant Attorney General
 JDC/MJV/crt
[1] La.C.Cr.P. art 213 provides as follows: "A peace officermay, without a warrant, arrest a person when: (1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit; (2) The person to be arrested has committed a felony, although not in the presence of the officer; (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or (4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense. A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest" (emphasis added).
[2] At the time of the Gardner accident, the relevant provision was found at La.R.S. 32:391(C), and was redesignated as La.R.S. 32:391(D) by subsequent legislation.
[3] Please note that the provisions of La.R.S. 32:391 appear under the title of "Appearance Upon Arrest" and refer to and govern "arrested persons" and what an "arresting officer" must do or not do. This clearly shows that the article directs actions onlyafter a discretionary decision to arrest a suspect has been made.