157 So.2d 365 (1963)
Virgie GRAHAM et al., Plaintiff and Appellant,
v.
Bill OGDEN et al., Defendants and Appellees.
No. 949.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
Crowe & Parkinson, by William L. Crowe, Monroe, John Barkley Knight, Jr., Winnsboro, for plaintiff-appellant.
Roy S. Halcomb, Ferriday, Smith & Taliaferro, by Wedon T. Smith, Jonesville, Dale, Richardson & Dale, by Nathan M. Calhoun, Vidalia, for defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action for damages for the wrongful death of Lige George Graham. Mr. Graham's widow alleges that, while a bystander in Haney's Bar, Graham was negligently shot and killed by Deputy Sheriff Bill Ogden, who was attempting to arrest one Schlick for the misdemeanor of disturbing the peace by being drunk and *366 disorderly. Named as defendants are Deputy Sheriff Bill Ogden, as well as Noah C. Cross, Sheriff of Concordia Parish. After a trial on the merits, the district judge held for the defendants, dismissing plaintiff's suit. Plaintiff appealed. Defendants have answered the appeal, asserting that the judgment of the court below was erroneous, insofar as it overruled their respective peremptory exceptions of no cause of action, which the trial judge had referred to the merits.
The facts show that on the Saturday night in question Deputy Ogden made a routine visit to Haney's Bar, located on Lake St. John in Concordia Parish, pursuant to instructions from the sheriff to check this and other bars for the preservation of peace and order. When Ogden arrived, the place was crowded with thirty or forty people, some sitting at the bar and others at booths around the adjoining dance floor. Soon after Ogden entered, the barmaid told him they had been having trouble with one Schlick, who was drunk, breaking glasses with his teeth, pinching the waitresses and otherwise behaving in an obnoxious manner. Ogden asked Schlick to behave himself. In defiance of this request, Schlick put another glass in his mouth and broke it with his teeth. Ogden then placed his hand on Schlick's shoulder and advised him that he was under arrest.
Instead of submitting to arrest, Schlick suddenly and violently attacked Ogden, knocking him back against a cigarette machine. During the ensuing fight Ogden finally knocked Schlick to the floor with his blackjack. While on the floor, Schlick kicked Ogden and then he got up saying "I'll tear your head off", and advanced on the deputy. At this point Ogden drew his pistol and fired it into the floor in an attempt to "* * * wake him up or bring him out of whatever he was in.", but Schlick was not deterred. He rushed Ogden savagely, knocking him around behind the bar and then pinning him backward over a table where they fought frantically, struggling for possession of the gun. At that point the pistol discharged, killing Lige Graham who was sitting at the bar watching the fight. Ogden did not intentionally fire the pistol the second time and actually did not know whether he or Schlick caused it to discharge. They continued to struggle until Ogden was finally able to hit Schlick again, either with the pistol or the blackjack, and knock him down. Schlick still tried to get up again but then Ogden hit him with the blackjack and knocked him unconscious.
Both counsel agree that in the case of a misdemeanor, an officer has no right, except in self-defense, to shoot or kill the offender in attempting to arrest him; he is not justified in shooting him or killing him merely to stop his flight. State v. Turner, 190 La. 198, 182 So. 325; 4 Am.Jur. 54, Verbo Arrests, Section 78; see Annotation 60 A.L.R. 2d 873, 877, 885.
Also applicable is LSA-R.S. 15:64 which provides that "Every one must submit peaceably to a lawful arrest, and, if he resists, any person lawfully arresting him may use such force as may be necessary to overcome the resistance."
As able counsel for defendants have pointed out, the above stated rules of law relate primarily to the legal rights and the corresponding duties existing between an arresting officer and the person sought to be arrested; but, the issue, of whether the force used by the arresting officer was lawful or unlawful, has a direct bearing on the question of negligence of the arresting officer as to third persons. The basic inquiry here is whether the officer acted reasonably under the circumstances. This issue turns on whether the utility of the act of the officer outweighed the risk of harm to others. See Annotation 60 A.L.R. 2d 867, 877; American Law Institute Restatement, Torts Sec. 291.
It is the contention of the plaintiff that, under the above stated law, Ogden did not have a right to shoot or kill Schlick in attempting to arrest him for a misdemeanor; that furthermore, when Ogden first pulled his pistol from its holster he admittedly did *367 not do so for the purpose of shooting or killing Schlick; that therefore Ogden was negligent because the risk of harm to others outweighed the utility of this act.
The defendants contend that the pulling of the pistol and firing it into the floor, in an attempt to deter Schlick, constituted the use of no more force than was necessary to overcome Schlick's resistance to arrest and, furthermore, certainly constituted no more force than was necessary for Ogden to defend himself against great bodily harm; that the act was therefore lawful and the slight risk of harm to others was justified.
We think the contentions of the defendants are correct. It is not disputed that Deputy Ogden was attempting to execute a legal arrest of a misdemeanant for an offense committed in his presence. He first tried to arrest Schlick by simply laying his hand on his shoulder and informing him that he was under arrest. Then, on being attacked savagely, Deputy Ogden used a blackjack to knock Schlick to the floor. Schlick still did not deter but, instead, came up off of the floor saying "I'll tear your head off." and advanced on Ogden again. We think that at this point Ogden was justified in pulling his pistol and firing into the floor in an attempt to deter him. Schlick had already demonstrated that he was a "tough boy." He had broken glasses with his teeth, resisted arrest and violently attacked an officer. Ogden was reasonable in concluding that he was in great danger of bodily harm. By this time, Ogden was not only attempting to make an arrest but was acting in self-defense. He had several alternatives. One was to flee, but both his duty as an officer and his right to defend his person negative this choice. Another was to again engage in mortal combat with Schlick. We do not think he was required to thus expose himself again to great bodily harm, particularly when he might be able to avoid this by pulling his gun, not to kill, but to scare Schlick. The third alternative was the one chosen by Ogden, i. e., to draw his pistol and fire into the floor in an attempt to deter Schlick's attack.
We think Ogden's actions were clearly lawful. We think also that his actions were reasonable under the circumstances. The act, i. e., drawing the pistol and shooting into the floor, met the test of utility to a very strong degree. It was intended to enable Deputy Ogden to perform his duty to make the arrest as well as to actually defend Ogden's person from great bodily harm. The foreseeable risk of harm to others was relatively slight. Ogden should not be held to have foreseen that Schlick would advance in the face of a loaded pistol and that a fight would ensue in which the gun would accidentally discharge and kill a bystander.
After Ogden drew his gun and fired it into the floor, in an unsuccessful attempt to deter Schlick from attacking him, there was nothing which Ogden could do, in the ensuing struggle for the weapon, to prevent it from being accidentally discharged on the second occasion which killed Mr. Graham. We do not understand that plaintiff even makes the contention that there was any negligence on Ogden's part after the final struggle for possession of the pistol began.
We agree with the conclusion of the trial judge, stated in his well considered written opinion as follows:
"It appears to this court, that Deputy Ogden was acting in self defense while attempting to execute a legal arrest of an offender who was committing a disturbance in the Deputy's presence, and it further appears that the sole cause of this unfortunate accident was the action of the offender Schlick, in resisting the officer and attempting to take the pistol from the Deputy and during the struggle the pistol fired, the bullet striking Mr. Graham and killing him instantly.
"The court in view of the foregoing does not believe that the plaintiffs have *368 proven any degree of negligence on the part of Deputy Ogden in the matter that would cause him to be liable for any amount."
In view of our above conclusions, we find it unnecessary to discuss the exceptions of no cause of action re-urged by defendants in their answer to the appeal, or the defense of assumption of the risk urged on the merits.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.