618 So.2d 1187 (1993)
Harold LaBAUVE, Plaintiff-Appellee,
v.
STATE of Louisiana, et al., Defendant-Appellant.
No. 92-466.
Court of Appeal of Louisiana, Third Circuit.
May 12, 1993.
*1188 David W. Groner, New Iberia, for Harold LaBauve, plaintiff-appellee.
Joseph Erwin Kopsa and Rose Polito Wooden, Baton Rouge, for the State, et al., defendants-appellants.
Before DOMENGEAUX, C.J., LABORDE, WOODARD and COOKS, JJ., and CULPEPPER[*], J. Pro Tem.
LABORDE, Judge.
In this police brutality suit, plaintiff, Mr. Harold LaBauve, appeals the trial court's finding that he was comparatively negligent as well as the amount of damages awarded him and the trial court's refusal to find that a federal cause of action existed. The defendants, the State of Louisiana, appeal the trial court's finding that Trooper Pellerin was negligent and its application of comparative negligence to this action as well as the trial court's denial of defendant's exception for dismissal from plaintiff's federal law claim. Finding no error on the part of the trial court, we affirm.

FACTS
On August 19, 1989, Harold LaBauve, and his wife, Helen LaBauve, were returning from eating and dancing at Lytles Restaurant in Abbeville, Louisiana. Mr. LaBauve was seventy-six years old, and he and Helen had been married for fifty years. They were traveling on Louisiana Highway 14 and passed through the town of Delcambre, Louisiana which was celebrating the annual Shrimp Festival. Officer Dennis Pellerin, who was assigned to a DWI Tasks Force, observed the LaBauve's Lincoln being driven half on the roadway and half on the shoulder. He followed the vehicle for a quarter of a mile then turned on his emergency lights. The LaBauve vehicle pulled off the roadway, and Trooper Pellerin stopped behind it and turned his spot light on the Lincoln. Trooper Pellerin exited his vehicle and requested the driver to exit the Lincoln.
Mr. LaBauve exited his vehicle, walked to the rear of the vehicle, and asked what he was being charged with. According to Trooper Pellerin, Mr. LaBauve swayed when he walked. Trooper Pellerin did not answer but demanded to see Mr. LaBauve's driver's license. Mr. LaBauve asked twice again what the charge was, but Trooper Pellerin did not respond. Mr. LaBauve reached into his wallet to produce his driver's license.
From this point, Mr. LaBauve and Trooper Pellerin have two very different versions of the following events, and it is necessary to set forth both accounts. Mr. LaBauve *1189 maintains that when he reached into his wallet to produce his driver's license, Trooper Pellerin grabbed him by the arm and forcibly pushed him against the hood of the State Police vehicle, bruising Mr. LaBauve's knees. In response, Mr. LaBauve shouted an obscenity at Trooper Pellerin. Trooper Pellerin spun Mr. LaBauve around, picked him up and slammed him head first onto the concrete pavement, causing extensive damage to Mr. LaBauve's nose and face. While lying down on the concrete bleeding, Mr. LaBauve called out for his wife, Helen. When Helen exited the vehicle, she saw Trooper Pellerin with his knee in her husband's back attempting to handcuff him. Trooper Pellerin then placed Mr. LaBauve in the back of his police unit, waited for other Troopers with a breathalyzer unit to arrive and transferred custody of Mr. LaBauve to Sergeant Cordell Ruiz.
According to Trooper Pellerin, he had to ask Mr. LaBauve for his license three times. After Mr. LaBauve finally produced the license, Trooper Pellerin identified the driver of the Lincoln as Mr. LaBauve. He then gave Mr. LaBauve his Miranda warnings and asked him if he had been drinking. Mr. LaBauve told him he had consumed two small glasses of wine. Trooper Pellerin explained the field sobriety test to Mr. LaBauve who refused to take it. At this point, Trooper Pellerin informed Mr. LaBauve that he was under arrest. Mr. LaBauve turned and began to walk back toward his vehicle stating that he refused to go anywhere with Trooper Pellerin.
At this point, Trooper Pellerin grabbed Mr. LaBauve's left arm. Mr. LaBauve spun around, and Trooper Pellerin ducked and grabbed Mr. LaBauve by the waist. Mr. LaBauve began swinging his arms in an effort to get away from Trooper Pellerin. Trooper Pellerin then brought Mr. LaBauve to the front of his patrol car and positioned himself between the hood of his patrol car and Mr. LaBauve. According to Trooper Pellerin, he had Mr. LaBauve's left arm in a half nelson but could not secure Mr. LaBauve's right arm. Because Mr. LaBauve continued to swing his right arm, Trooper Pellerin prepared to "take him to the ground", which is a technique used by law enforcement officers to restrain a struggling subject.
Trooper Pellerin maintains that while preparing to take him to the ground, he and Mr. LaBauve's feet became tangled and they tripped. Trooper Pellerin further maintains that this is what caused Mr. LaBauve to fall on the ground, face first, on gravel and rocks which resulted in bruises, cuts and abrasions on his face and knees. Officer Pellerin stated that he did not bring Mr. LaBauve to the ground in order to hurt him. Trooper Pellerin then handcuffed Mr. LaBauve's arms behind his back. After Mr. LaBauve was secured, Mrs. LaBauve exited the Lincoln and cleaned some blood off his face. Two other State Troopers arrived on the scene as did the DWI van and Acadian Ambulance.
Mr. LaBauve sought medical treatment from Dr. Monty Rizzo, an Otolaryngologist, for the injuries he sustained from the fall to the cement. Dr. Rizzo testified that Mr. LaBauve sustained a septal deviation requiring surgery and that Mr. LaBauve's complaints of trouble sleeping and breathing on the right side with sinus difficulty is compatible with this type of injury.
Mr. LaBauve filed his petition for damages on December 6, 1989 and named as defendants, the State of Louisiana, through the Department of Public Safety and Corrections (State Police) and its employee, State Trooper Dennis Pellerin. Mr. LaBauve asserted that his civil rights were violated under 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution and the Louisiana Civil Code. Trial without a jury was held December 5, 1990.
The trial court found that Trooper Pellerin caused injury to Mr. LaBauve as the result of the manner in which Trooper Pellerin subdued him. The trial court further found that Trooper Pellerin was negligent in inflicting an injury on Mr. LaBauve and awarded $12,000 in general damages and $3,500 in medical expenses. Since Trooper Pellerin was operating in the scope *1190 and course of his employment, State Police and not Trooper Pellerin, is liable for the money judgment. The trial court also ordered State Police to pay all court costs. The trial court further found Mr. LaBauve to be twenty percent at fault finding that if Mr. LaBauve had complied immediately with Trooper Pellerin's request, this situation would not have occurred. The judgment was silent as to Mr. LaBauve's federal law claims and demand for attorney's fees. State Police asserted that the federal law claims should be dismissed, but this was denied by the trial court. Judgment was signed on May 17, 1991. State Police and Trooper Pellerin suspensively appealed, and Mr. LaBauve answered the appeal.

APPELLANTS' ASSIGNMENT OF ERROR NUMBER ONE
Appellants maintain that the trial court erred in finding Trooper Pellerin negligent and assert the appropriate cause of action is for "clearly excessive use of force" during an arrest as set forth in Kyle v. City of New Orleans, 342 So.2d 1257 (La.App. 4th Cir.1977), reversed and remanded on other grounds, 353 So.2d 969 (La.1977), on remand on the issue of quantum, 357 So.2d 1389 (La.App. 4th Cir.1978), writ denied, 359 So.2d 1307 (La.1978). Kyle, supra, involved the shooting of three New Orleans apartment dwellers by police officers during their arrest.
The court in Kyle, supra, stated the officers' actions must be evaluated against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers. There is nothing in Kyle, supra, that leads us to believe that the Louisiana Supreme Court dictated that there be a specific tort of "clearly excessive use of force" during an arrest. On the contrary, the language in Kyle, supra, demonstrates that the officers' conduct was measured by standard negligent tort theories. Mr. LaBauve's petition states that the suit is filed under the provisions of the Louisiana Civil Code. La.Civ.C. art. 2315 is the general negligence article. We find the trial court correctly found a cause of action for negligence under La.Civ.C. art. 2315 given Trooper Pellerin's use of excessive force while arresting Mr. LaBauve. Thus, the trial court did not commit an error of law.
We further find the trial court was not manifestly erroneous in finding as a matter of fact that Trooper Pellerin was negligent in his arrest of Mr. LaBauve in taking him down onto gravel and rocks. The trial court did not find Trooper Pellerin intentionally hurt Mr. LaBauve, only that he was negligent in his handling of Mr. LaBauve, who was seventy-six years old. After reviewing the record, we find the trial court was not manifestly erroneous in finding Trooper Pellerin negligent. Thus, we find this assignment of error lacks merit.

APPELLANTS' ASSIGNMENT OF ERROR NUMBER TWO
Appellants' second assignment of error is that the trial court did not make sufficient findings of fact to use the two part test set forth in Kyle, supra, when dealing with a cause of action for "clearly inappropriate use of force to effectuate the arrest." The Kyle, supra, test is to determine first if the arrest was lawful and second, assuming a lawful arrest, to utilize a balancing test taking into account certain factors.
Kyle, supra, relies on the case of Picou v. Terrebonne Parish Sheriff's Office, 343 So.2d 306 (La.App. 1st Cir., 1977) writ denied, 345 So.2d 506 (La.1977). Picou, supra, stated that whether the force used to effectuate the arrest is reasonable depends upon the totality of the facts and circumstances in each case. Picou also lists several factors to be considered in making this determination, such as the state of mind of the assailant, the surrounding atmosphere at the scene, the seriousness of the consequences should the officer be unsuccessful in restraining the assailant, and the possibility of interference from others. Kyle, supra, lists similar factors to consider, such as the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular *1191 means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers as compared to the arrestee, and the exigencies of the moment. Appellant argues that the trial court did not make sufficient findings of fact to have followed and met the test set forth in Kyle, supra. The trial court found that the true version of what happened the evening of the arrest of Mr. LaBauve lay somewhere between Mr. LaBauve's version of the events and Officer Pellerin's.
The trial court found Trooper Pellerin guilty of negligence, not the specific tort of clearly inappropriate use of force in effectuating the arrest. Nothing in Kyle, supra, mandates consideration of all factors listed, just whether under a totality of the circumstances the officer used excessive force. The Louisiana Constitution authorizes an appellate court to review law and facts. See, La. Const. of 1974, art. V, § 10(B). As we have the entire record before us, we will consider such factors now. Mr. LaBauve was arrested for drunk driving which is not a violent crime. The arrestee, Mr. LaBauve, was a seventy-six year old at the time of the arrest, thus the officer was clearly stronger than he. Furthermore, there were gravel and rocks on the ground and the officer could have avoided putting Mr. LaBauve on the ground to effectuate the arrest. Considering the totality of the circumstances, as stated in Kyle, supra, the trial court did not err in finding Officer Pellerin used excessive force in arresting Mr. LaBauve and was therefore negligent. Therefore, we find this assignment of error also lacks merit.

APPELLANTS' ASSIGNMENT OF ERROR NUMBER THREE
Appellants next contend that the trial court erred in applying comparative negligence to a claim for "clearly inappropriate use of force" during an arrest. As stated above, the trial court did not err in finding Mr. LaBauve's cause of action arose in negligence and comparative fault applies to negligence claims. Because Mr. LaBauve did not submit to arrest immediately, we find the trial court correctly found he was twenty percent negligent. The record clearly supports this finding. Therefore, this assignment of error lacks merit.

APPELLANTS ASSIGNMENT OF ERROR NUMBER FOUR
Appellants' final assignment of error is that the trial court erred in denying State Police's exception for dismissal from Mr. LaBauve's federal law claim on the grounds that State Police is not a "person" within the meaning of 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides:
Section 1983 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
The United States Supreme Court held in Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that a State is not a person under 42 U.S.C.A. § 1983. Mr. LaBauve names as defendants the State of Louisiana, through the Department of Public Safety and its employee, State Trooper Dennis Pellerin. The State Police is part of the Department of Public Safety. The trial court erred in denying the motion in limine requesting dismissal of the State Police from Mr. LaBauve's federal law claim as it is not a person under 42 U.S.C. § 1983. However, because the trial court did not award Mr. LaBauve damages under his federal law claim, this error is harmless.

APPELLEE'S ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, Mr. LaBauve argues the trial court erred in assessing twenty percent comparative negligence to him. This issue has been previously *1192 addressed and will not be reiterated herein. Accordingly, this assignment of error lacks merit.

APPELLEE'S ASSIGNMENT OF ERROR NUMBER TWO
In Mr. LaBauve's second assignment of error, he argues the damages he was awarded are too low. The trial court awarded Mr. LaBauve $12,000 in general damages and $3,500 in medical expenses. The trial court relied on the testimony of Dr. Rizzo who testified that Mr. LaBauve sustained a "septal deviation" which would require hospitalization and a "septoplasty" surgery which costs approximately $3,500. Mr. LaBauve does not contest his damage award of $3,500, but he does maintain that he should recover at least $25,000 in general damages.
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Supreme Court held that when this court finds the record supports that the lower court abused its much discretion, the appellate court is authorized to disturb the award, but only to the extent of raising it to the lowest point which is reasonably within the discretion afforded to the lower court. According to Rochelle v. State Through DOTD, 570 So.2d 13, at 19, (La. App. 3d Cir.1990), writ denied, 572 So.2d 93 (La.1991): "In order to disturb an award made by a trial court the record must clearly reveal that the trier of fact abused its much discretion. An abuse of discretion is only found when the award is so excessively high or low as to shock a reviewing court into the realization that it must correct the award." After reviewing the record and other cases with similar injuries, we do not find the trial court abused its discretion in its award of damages to Mr. LaBauve. Thus, this assignment of error lacks merit.

APPELLEE'S ASSIGNMENT OF ERROR NUMBER THREE
Mr. LaBauve's next assignment of error is that the trial court erred in refusing to find a violation of 42 U.S.C.A. § 1983. Mr. LaBauve argues the trial court should have awarded him a reasonable amount for compensation in accordance with 42 U.S.C.A. § 1983 along with attorney's fees. The trial court's judgment is silent as to Mr. LaBauve's federal law claims, and under Eaves v. Norwell, Inc. 570 So.2d 123, (La.App. 3d Cir.1990), writ denied, 572 So.2d 93 (La.1991), when a judgment is silent on an issue, this court interprets that silence to be a rejection of those claims by the trial court. A federal law claim brought against law enforcement officers for alleged use of excessive force arises under the Search and Seizure Clause of the Fourth Amendment to the United States Constitution. 42 U.S.C.A. § 1983 creates a cause of action for damages against every person who under "color of state law" deprives any person of any Constitutional or federal right. As stated earlier, we find the trial court was correct in holding that Trooper Pellerin's actions were negligent and not intentional. We find Trooper Pellerin's negligence did not result in deprivation of any of Mr. LaBauve's Constitutional or federal rights. Therefore, Mr. LaBauve does not have a cause of action under 42 U.S.C.A. § 1983. Additionally, the trial court correctly denied Mr. LaBauve an award of attorney's fees because attorney's fees are only awarded to a party who prevails on his federal claim. 42 U.S.C. § 1988.

DECREE
The trial court judgment is affirmed. All costs of this appeal are assessed equally to appellant, State of Louisiana, et al., and appellee, Harold LaBauve.
AFFIRMED.
WOODARD, J., dissents with written reasons.
DOMENGEAUX, C.J., dissents and assigns reasons.
DOMENGEAUX, Chief Judge, dissenting.
Everyone agrees that the arrest involved in this case was proper and for probable cause. The appellee's attorney, at oral argument, reiterated that position.
*1193 I respectfully suggest that the trial judge erred in determining the conduct of Trooper Pellerin on the basis of plain vanilla negligence. This was both an error of law, and a manifest error of fact.
In his reasons for judgment, the district judge stated that:
This Court feels that the truth of the situation lies somewhere between that stated by Trooper Pellerin and that stated by Mr. LaBauve. This Court feels that the method used to bring Mr. LaBauve was not suitable under the circumstances because of the gravel and rock on the side of the road. It was because of this that this Court feels that the manner used to subdue a seventy-two year old man was negligent and not in fact intentional. Trooper Pellerin did not intend to inflict bodily harm to Mr. LaBauve, but the negligent act used under these circumstances and under these facts can be attributed jointly to that the actions of both of Mr. LaBauve and Trooper Pellerin. The actions by Mr. LaBauve contributed to his own injuries and he therefore is comparatively negligent for the injuries that he received. This Court will assess eighty percent fault to that of Trooper Pellerin and twenty percent fault to that of Mr. LaBauve. Had Mr. LaBauve complied immediately with the request of Trooper Pellerin, this situation would not have happened. Had Trooper Pellerin used more discretion under the circumstances, this incident would not have happened. Certainly this trooper could have used less force and could have been more cautious in handling this seventy-two year old man. (Underscore mine.)
I find the conclusions of the district judge to be equivocal. I suggest that the appellate brief of defendant is legally right and will utilize it in substantial portions for incorporation in this dissent.
The proper cause of action under Louisiana law for Mr. LaBauve's state law claim is that of battery. See: Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). In regard to arrestees who bring a cause of action against law enforcement officers alleging use of excessive force in effectuating an arrest, two different legal standards are used depending on whether the arrest was lawful or unlawful. If the arrest is unlawful then all force used to effectuate the arrest is excessive and constitutes a battery. Id, 353 So.2d, at 972-974; Mitchell v. Windham, 469 So.2d 381, 384-387 (La.App. 3d Cir.1985); Ross v. Sheriff of Lafourche Parish, 479 So.2d 506, 511 (La. App. 1st Cir.1985); and Fisher v. Department of Public Safety, 555 So.2d 626, 630 (La.App. 4th Cir.1989). However, if the arrest is lawful:
The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result. Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers.
Kyle v. City of New Orleans, supra, Mitchell v. Windham, supra, Graham v. Ogden, 157 So.2d 365, 366 (La.App. 3d Cir.1963); Ross v. Sheriff of Lafourche Parish, supra. This is because under La.C.Cr.P. Art. 220:
A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.
According to the Louisiana Supreme Court:
The use of force by law enforcement officers must be tested by the "reasonable force" standard established by this article. The test precludes "clearly inappropriate force." LSA-C.Cr.P. Art. 220, Official Revision Comment (b).
Kyle v. City of New Orleans, supra.
Force used by a law enforcement officer to effectuate a false arrest or detention is always "clearly inappropriate force." Force used by a law enforcement officer to *1194 effectuate a lawful arrest or detention, however, is to be determined as reasonable or excessive under the specific circumstances of each case. Id., 353 So.2d, at 673. If the arrest is lawful, then only force which was "clearly inappropriate" under the circumstances will constitute excessive force under Louisiana law. Id., 353 So.2d at 673; and Graham v. Ogden, supra.
Therefore, when a claim of excessive force is brought against a law enforcement officer by an arrestee under Louisiana law, a single legal standard with a two-tier analysis must be applied. Under this legal standard, the threshold inquiry is:
1. Whether the Arrest is Lawful
If the arrest is unlawful, then any force used to effectuate it is "clearly inappropriate force." If, however, the arrest is lawful, then all relevant circumstances surrounding the arrest must be carefully reviewed and balanced to determine whether the force used was reasonable or excessive. The factors which must be used in this balancing test are:
2. The Factors of the Balancing Test:
(a) Known character of the arrestee;
(b) The risks and dangers faced by the officer;
(c) The nature of the offense involved;
(d) The chance of the arrestee's escape if the particular means are not employed;
(e) The existence of alternative methods of arrest;
(f) The physical size, strength, and weaponry of the officer as compared to the arrestee;
(g) The exigencies of the moment.
Kyle v. City of New Orleans, supra.
(h) The conduct of the arrestee:
Bernstine v. City of Natchitoches, 335 So.2d 51, 53-54 (La.App. 3d Cir.1976).
The above legal standard is the one which should have been applied by the trial court to Mr. LaBauve's state law claim. The trial court did not apply this legal standard to Mr. LaBauve's state law claim against Trooper Pellerin and his employer State Police.
The trial court found that Trooper Pellerin was negligent in effectuating the arrest of Mr. LaBauve because Trooper Pellerin did not take into account the gravel and rocks, could have used less force and could have been more cautious in handling Mr. LaBauve. The trial court did not cite the law it used in making this determination but rather merely found Trooper Pellerin to be negligent, presumably under La.C.C. Art. 2315. Mr. LaBauve's petition provides absolutely no guidance in this area. His petition merely states liability under "La. Civ.Code." As shown above, the appropriate cause of action or legal basis for Mr. LaBauve's claim arises under La.C.C.P. Art. 220 and not the Louisiana Civil Code. Kyle v. City of New Orleans, supra.
It is clear from reviewing the trial court's reasons for judgment that he did not answer the threshold question of the lawfulness of Mr. LaBauve's arrests. Nor did the trial court balance all the factors in a state law excessive force claim. In fact, since the trial court found neither Mr. LaBauve nor Trooper Pellerin to be credible, it is difficult to find any valid factual determination upon which a balance could have been made. The trial court created in this case a new state law cause of actionfor negligent use of forcein order to impose liability on Trooper Pellerin. In Louisiana there is simply no such tort. The tort is excessive or more properly "clearly Inappropriate force." Kyle v. City of New Orleans, supra. The state law tort of clearly inappropriate force in effectuating an arrest has a distinct legal standard which requires detailed factual finding which must be applied to a specific balancing test. Id. 353 So.2d, at 972-973. In the instant case, a generic legal standard of negligence was applied rather than the specific legal standard set out by the Louisiana Supreme Court for this type of civil claim. The generic legal standard applied by the trial court is inappropriate for this type of cause of action. Kyle v. City of New Orleans, supra.
This is an error of law which cannot be corrected on appeal since the ultimate resolution of the state law claim depends on *1195 detailed fact findings and credibility determinations which can only be done by the trial court. The application of the balancing test is a factual determination. Kyle v. City of New Orleans, 353 So.2d at 973; Graham v. Ogden, 157 So.2d at 366. In the case sub judice, this factual determination will ultimately have to be based almost exclusively on a credibility determination between Trooper Pellerin and Mr. LaBauve.
The judgment of the state law claim should be reversed and remanded to the trial court for a new trial with specific instructions to apply the above legal standard to the specific cause of action of "clearly inappropriate force" used to effectuate the arrest rather than a generic standard of negligence. Lewis v. State Farm Mutual Automobile Ins., 499 So.2d 656, 658 (La.App. 3d Cir.1987).
For the above reasons, I respectfully dissent.
WOODARD, Judge, dissenting.
I disagree with the majority's opinion regarding the issues of negligence, comparative fault, and damages.

NEGLIGENCE
Mr. LaBauve's cause of action is for the damages he sustained as a result of the alleged excessive use of force by Trooper Pellerin in arresting him. When the trial court determined that the force used by Trooper Pellerin was clearly inappropriate under these circumstances, it should have concluded that Trooper Pellerin committed a battery, not that he was negligent. The use of force by a police officer in making an arrest is governed by La.C.Cr.P. Art. 220, which provides as follows:
A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained. (emphasis added)
As stated in Ross v. Sheriff of Lafourche Parish, 479 So.2d 506, 511 (La.App. 1 Cir. 1985), excessive force transforms the "ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages." (emphasis added) See also Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). Because Mr. LaBauve's claim was for an "actionable battery," which is, of course, an intentional tort, the trial court erred in concluding that Trooper Pellerin was negligent.
The trial court relied on its finding that Trooper Pellerin did not intend to harm Mr. LaBauve in concluding that Trooper Pellerin was negligent. However, Trooper Pellerin's lack of intent to harm is irrelevant. It is undisputed that he intended to take Mr. LaBauve "to the ground," and it is this intentional touching that resulted in a battery.
In deciding whether an arresting officer used excessive force, it must first be determined whether the arrest was lawful or unlawful. When an arrest is unlawful, all force used by the officer is excessive. Fisher v. Department of Public Safety, 555 So.2d 626 (La.App. 4 Cir.1989).
When an arrest is lawful, the totality of the facts and circumstances must be evaluated in order to determine whether the force used was reasonable. The evidence in the record establishes more probably than not that the arrest of Mr. LaBauve was lawful.
The analysis thus turns to whether the force used by Trooper Pellerin in executing the arrest was reasonable. To determine "reasonableness," the actions of the officer must be evaluated against the standard of an ordinary, prudent and reasonable man placed in the same position and with the same knowledge as the officer. Kyle, supra. Kyle, 353 So.2d at 969, sets forth the following factors to consider in determining whether the force was excessive:
... the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and *1196 weaponry of the officers as compared to the arrestee, and the exigencies of the moment. (citations omitted)
When these factors are applied to this case, it is evident that the force used by Trooper Pellerin was clearly inappropriate. This situation was not one of dangerous or exigent circumstances. Mr. LaBauve was obviously an elderly man who was stopped for driving on the shoulder of the road and who is a well known business man, with no criminal record, in the community. There is no indication that he did anything which would cause Trooper Pellerin to believe he was carrying some type of weapon. Furthermore, it is highly unlikely that Mr. LaBauve could have "escaped" if Trooper Pellerin had not "taken him down" in order to handcuff him. Pellerin admits that he did not even try to talk to Mr. LaBauve; he just reacted with physical force. These circumstances simply did not warrant forcing a seventy-seven year old man's face down onto the shoulder of the road.
Although defendants contend that the trial court failed to make certain necessary factual findings, it is evident that the trial judge did find as a fact that the force used by Trooper Pellerin was clearly excessive under the circumstances. The court specifically stated in the written reasons for judgment:
This Court feels that the method used to bring Mr. LaBauve (sic) was not suitable under the circumstances because of the gravel and rock on the side of the road... Had Trooper Pellerin used more discretion under the circumstances, this incident would not have happened. Certainly this trooper could have used less force and could have been more cautious in handling this seventy-seven year old man. (emphasis added)
Because Trooper Pellerin used excessive force in arresting Mr. LaBauve, both he and his employer are liable to Mr. LaBauve for his damages. Kyle, supra.

COMPARATIVE FAULT
Both the plaintiff and defendants contend that the trial court erred in applying comparative fault in this situation. I agree. Comparative fault does not apply in this suit for excessive use of force because the actions and conduct of the plaintiff/arrestee are considered in the initial determination of whether the force was reasonable under the circumstances. As the factors listed in Kyle, supra, indicate, the threat posed by the arrestee determines what actions by the officer are reasonable.
Trooper Pellerin's use of force in arresting Mr. LaBauve was clearly excessive, under the specific circumstances of this case. The trial court simply applied the wrong legal standard to determine damages. As a result, I would amend the trial court's judgment in favor of plaintiff to award him the full amount of his damages.

DAMAGES
In plaintiff's second assignment of error, he asserts that the damages awarded are too low. The photos of Mr. LaBauve reveal severe bruises and cuts to his face, bruised knees, wrists and arm. Dr. Monty Rizzo testified that the blows caused a septal deviation in Mr. LaBauve's nose. This incident occurred on August 19, 1989. Mr. LaBauve still suffers from a deviated septum which Dr. Rizzo says can only be corrected with surgery. Surgery and recovery would obviously require additional confinement and suffering.
Mr. LaBauve testified that he has trouble breathing and sleeping on his right side. Aside from these extremely important, basic, life functions being severely restricted, Mr. LaBauve, his wife, and his daughter all testified that the one pleasure he had, his social outings with friends, has been diminished and he is afraid to drive. He must be chauffeured everywhere he goes.
The above are apparent findings of fact by the trial court and are undisputed. I find the general damages award of $12,000.00 for the degree of suffering and restriction endured by this seventy-seven year old man to be grossly inadequate.
NOTES
[*] Honorable William A. Culpepper, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.