# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1228


**HENRY HARVEY, ET UX.**

**VERSUS**

**CITY OF EUNICE POLICE DEPARTMENT, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-5098-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.  SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**

John F. Wilkes, III
Borne & Wilkes, L.L.P.
Post Office Box 4305
Lafayette, LA   70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANTS/APPELLEES:
    City of Eunice Police Department
    Chief Gary Fontenot

Jarvis J. Claiborne
814 North Main Street
Opelousas, LA 70571-1033
(337) 948-4336
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Henry Harvey
    Lisa Harvey

AMY, Judge.

The plaintiffs filed suit, seeking damages for injuries they alleged were the result of the defendants' unlawful actions in arresting Mr. Henry Harvey for disturbing the peace and resisting an officer. The defendants asserted various defenses, including that the arrest was lawful and that the officers involved did not use excessive force. After trial, the trial court found in favor of the defendants and dismissed the case. The plaintiffs appeal. For the following reasons, we affirm. We deny the defendants' request for damages, attorney's fees and costs for frivolous appeal.

**Factual and Procedural Background**

On October 2, 2006, Sergeant Sandra Castille responded to an anonymous phone call that someone was smoking marijuana on the front porch of the plaintiffs' residence in Eunice, Louisiana. According to testimony, when Sergeant Castille knocked on the Harveys' front door, Mrs. Harvey was in the living room watching television and Mr. Harvey was in the back of the house. Mrs. Harvey invited Sergeant Castille into the residence and denied that anyone was in the residence smoking marijuana. At some point, Mr. Harvey came out into the living room and spoke to Sergeant Castille. Officer Miller arrived shortly thereafter. At this point, the testimony diverges into substantially different versions of the events leading to Mr. Harvey's arrest and alleged injuries.

The Harveys contend that, while Mr. Harvey was obtaining the police officers' names so he could make a complaint, Officer Miller arrested Mr. Harvey. According to their testimony, Officer Miller refused to accommodate Mr. Harvey's back injury by handcuffing him in the front. They also alleged that, even though Mr. Harvey was not aggressive, Officer Miller "kneed" him, causing him to fall to the ground. In

contrast, the police officers both testified that Mr. Harvey was angry and shouting obscenities at his neighbors. Their testimony reflected that, when Officer Miller attempted to arrest Mr. Harvey for disturbing the peace, he refused to comply. Both officers testified that Mr. Harvey fell to the ground and that Officer Miller did not use any kind of police "takedown" technique on him.

Whatever the case, after Mr. Harvey fell and began to complain, Sergeant Castille called an ambulance and Mr. Harvey was taken to the hospital for treatment. Mr. Harvey contends that the fall injured, or re-injured, his knee and aggravated a prior back injury.

The plaintiffs filed suit seeking damages for assault and battery, police brutality, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, filing false charges, negligence, police brutality and loss of consortium against Officer Miller, the City of Eunice Police Department and the chief of police. The trial court subsequently granted in part the defendants' motion for summary judgment, dismissing all claims except for the negligent injury, excessive force, and loss of consortium claims. After a bench trial, the trial court found in favor of the defendants and dismissed the case. The plaintiffs appeal, asserting as their sole assignment of error that the trial court erred in determining that the force used in the arrest of Mr. Harvey was reasonable.

The defendants filed an answer, alleging that the plaintiffs' appeal is frivolous because it does not present a substantial legal question. The defendants seek damages, attorney's fees and costs.

2

**Discussion**

*Standard of Review*

A trial court's findings of fact should not be set aside in the absence of manifest error or unless it is clearly wrong. *Ardoin v. Firestone Polymers*, 10-245 (La. 1/19/11), __ So.3d __. Thus, an appellate court should not reverse if the trial court's determination is reasonable in light of the entirety of the record. *Id.* Further, if there are two permissible views of the evidence, the trial court's determination cannot be manifestly erroneous. *Id.*

*Excessive Force*

Generally, excessive force claims fall under the duty/risk analysis for negligence claims. *Stroik v. Ponseti*, 96-2897 (La. 9/9/97), 699 So.2d 1072. Under that standard, the plaintiff must prove "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) [the] defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached." *Id.* at 1077. In determining whether there was a breach of duty, the court should apply the factors enumerated in *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977).

In *Kyle*, 353 So.2d 969, the supreme court specifically addressed analysis of excessive force claims, stating:

> The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result.
>
> Whether the force used is reasonable depends on the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent and reasonable men placed in the same position as the officers and with the same knowledge as the officers. The degree of force is a factual issue. As such, the trial court's finding is entitled to great weight.

3

Several factors to be considered in making this determination are the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers as compared to the arrestee, and the exigencies of the moment.

*Id*. at 972-73. (Citations Omitted.)[1]

In this case, there was conflicting testimony at the trial. Mr. Harvey's overall testimony was that, throughout the entire incident, he acted courteously and reasonably. According to the Harveys, both Sergeant Castille and, in particular, Officer Miller, were disrespectful. Mr. Harvey denied raising his voice or screaming at his neighbors. Mr. Harvey contended that, although he was cordial and polite, Officer Miller decided to arrest him. He alleged that, despite his protestations, Officer Miller insisted on handcuffing him in a way that would aggravate his existing back injury. Mr. Harvey testified that, when he attempted to passively resist, Officer Miller violently forced him to the ground, kneed him in the back repeatedly and attempted to drag him through the mud by one handcuffed arm. Both plaintiffs also contended that Officer Miller used foul language and racial slurs toward the plaintiffs.

According to the defendants, Mr. Harvey's injuries were essentially the result of his own bad behavior. In contrast to the plaintiffs' testimony, both Sergeant Castille and Officer Miller testified that Mr. Harvey was the aggressor. Sergeant Castille testified that Mr. Harvey became agitated and began screaming obscenities at his neighbors. She also testified that, on two occasions, Mr. Harvey physically prevented her from leaving. The officers both agreed that, after Mr. Harvey began

---

[1] We note that, as a threshold issue, if the arrest was not lawful, the use of force by the officer to overcome the arrestee's resistance constitutes a battery. *McDaniel v. Green*, 99-1087 (La.App. 3 Cir. 12/22/99), 755 So.2d 942, *writ denied*, 00-200 (La. 3/24/00), 758 So.2d 151. That is not an issue in this case, as the plaintiffs have conceded that the arrest was lawful.

4

screaming obscenities yet again, Officer Miller attempted to arrest him. The officers testified that, although they told Mr. Harvey that they would handcuff him in the front in order to accommodate his injury, he continued to resist Officer Miller's attempts to handcuff him. Although the officers were not sure if Mr. Harvey tripped or stumbled, they both testified that Mr. Harvey fell to the ground and that Officer Miller did not use any kind of force to make him do so. They further agreed that Officer Miller did not knee Mr. Harvey in the back or drag him through the mud. Additionally, while the officers did not deny that Officer Miller may have used foul language, Sergeant Castille specifically noted that, if Officer Miller had used racial slurs, she would have written him up.

Here, the trial court found that Mr. Harvey's version of the events leading to his injury was not credible. The trial court found that Mr. Harvey was yelling and cursing and refused to cooperate with the officers' reasonable requests. The trial court also addressed each of the *Kyle* factors, in particular finding that Sergeant Castille felt threatened by Mr. Harvey's behavior; that Mr. Harvey's "attitude was poor, his voice was loud, [and] his language was unacceptable;" and that once Mr. Harvey "decided" that Sergeant Castille was not going to leave until she spoke with his landlord, the exigencies of the moment became paramount. Although the trial court did not make a determination as to how, exactly, Mr. Harvey fell to the ground, it specifically found that Officer Miller did not knee him or jump on his back.

In *Cloy v. Lee*, 01-920 (La.App. 5 Cir. 1/15/02), 807 So.2d 900, the plaintiff alleged that she suffered injuries to her neck and back as the result of the defendants' use of excessive force in taking her into protective custody. She alleged that the arresting officers "dropped" her, causing her injuries. The fifth circuit upheld the trial

5

court's determination that the officers did not use excessive force in attempting to pick the plaintiff up several times after she sat down on the ground and refused to get up.

Similarly, in *Hall v. City of Shreveport*, 45,205 (La.App. 2 Cir. 4/28/10), 36 So.3d 419, the arresting officer used a "straight arm lock" takedown technique while arresting the plaintiff for flight from an officer. The plaintiff filed suit, alleging that she had suffered injuries to her arm, neck and back as a result of the officer's use of "excessive force." The trial court found in favor of the defendants, determining that the officer was faced with a potentially dangerous situation, that the plaintiff was acting erratically and that the officer had to take into account the plaintiff's large size and strength when reacting to the situation. The second circuit upheld the trial court's finding that the officer's actions were not unreasonable given the totality of the circumstances.

The plaintiffs argue that this case is analogous to *LaBauve v. State*, 618 So.2d 1187 (La.App. 3 Cir.), *writ denied*, 624 So.2d 1235 (La.1993), wherein a panel of this court upheld the trial court's determination that the plaintiff's injuries were due to the arresting officer's negligence. In that case, the plaintiff, a seventy-six year old man, was arrested on suspicion of DUI and suffered facial injuries when he fell into the uneven rocks and gravel on the side of the roadway. There was conflicting testimony about whether the arresting officer "slammed" the plaintiff into the ground or whether, while preparing to use a "takedown" maneuver, the two tripped and fell. The trial court found that, while the injuries were unintentional, the officer was negligent in using a "takedown" maneuver on an elderly man where there were rocks and gravel near the side of the road.

We find unpersuasive the plaintiffs' argument that *LaBauve* is analogous. In *LaBauve*, 618 So.2d 1187, one of the pivotal factors was that the officer exercised poor judgment as he *intended* to use a "takedown" maneuver. That is not the case here. The trial court specifically found that Officer Miller did not knee Mr. Harvey or jump on his back. Both officers testified that Officer Miller was not attempting to use any kind of tactical technique on Mr. Harvey. Their testimony reflected that Officer Miller was struggling with Mr. Harvey's hands and that Mr. Harvey kept pulling his hands away. Mr. Harvey himself testified that he refused to comply with Officer Miller's attempts to handcuff him and raised his hands over his head to keep Officer Miller from handcuffing him behind his back.

Our review of the record indicates that there were two conflicting versions of the events and that the trial court necessarily had to make a determination regarding the credibility of witnesses. When the findings are based on determinations regarding the credibility of witnesses, great deference must be given to the trial court's findings of fact, as the trial court is "cognizant of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Hebert v. Rapides Parish Police Jury*, 06-2001, 06-2164, p. 3 (La.1/16/08), 974 So.2d 635, 654 (on rehearing). There is ample support in the record for the trial court's determination that Officer Miller was not negligent in the manner of arresting Mr. Harvey. In addition to the testimony of the officers, we note particularly that, in a criminal trial, Mr. Harvey was found guilty of disturbing the peace and not guilty of resisting an officer. The transcript from that trial as well as the criminal court's minutes were entered into the record and were available for the trial court to consider. Therefore, giving proper deference to the trial court's findings of fact, we find no

error in the trial court's determination that Officer Miller's actions were not negligent.

This assignment of error is without merit.

*Frivolous Appeal*

An appellate court may award damages if it deems an appeal frivolous. La.Code Civ.P. art. 2164. The defendants answered this appeal, alleging that the plaintiffs' appeal does not present a substantial legal question and requesting damages, attorney's fees and costs.

Appeals are favored in Louisiana. *Hannie v. Guidry*, 10-216 (La.App. 3 Cir. 10/6/10), 48 So.3d 396. Damages for frivolous appeal may be awarded "when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellants' counsel does not seriously believe in the position he advocates." *Id.* at 406.

While we have found that there is no merit to this appeal, we do not find the issue presented is not a serious one, that the appeal was taken solely for delay, or that there is indication that the appellants' counsel does not believe in the position advanced. Thus, we decline to award damages, attorney fees or costs.

### DECREE

For the foregoing reasons, the trial court's judgment is affirmed. All costs of this appeal are assessed to the plaintiffs, Henry and Lisa Harvey.

**AFFIRMED. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**

8