# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2026

Lyle W. Cayce
Clerk

_____

No. 25-30213

_____

Amanda Carter, *Individually and* real party in interest G.C.; Michael Carter,

*Plaintiffs—Appellees*,

*versus*

Chad Dupuy, *Individually*; Jason Ard, *Sheriff, in his official capacity as the public entity responsible for LPSO*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-69

_____

Before Clement, Graves, and Ho, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

"[A] constitutional violation does not occur every time an officer touches someone." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (cleaned up). "In just about every conceivable situation, some amount of force or contact would be too nominal to constitute a constitutional violation." *Ikerd*, 101 F.3d at 434. "When the force used is

insufficient to satisfy the legal standard necessary for recovery, the amount of force is de minimis for constitutional purposes." *Id.*

And that's precisely what we find in this case. The use of force used here was de minimis. We accordingly reverse.

## I.

Plaintiff Amanda Carter's minor daughter attends Live Oak High School. In February 2022, an agent of the Louisiana Department of Children and Family Services visited Carter and her husband Michael at their home to investigate a report of child abuse. After this visit, the Carters immediately drove to Live Oak to pick up their daughter.

Around this time, the agent contacted the high school and ordered the school not to release the girl to the Carters' custody. The school then began locking all exterior school doors to prevent the Carters' entry. The school also contacted Chad Dupuy, a deputy from the Livingston Parish Sheriff's Office assigned to the school as the school resource officer, and asked him to report to the school's front office. The school informed Dupuy that it had been instructed not to release the girl to the Carters, and that an agent of the Department was on his way to the school.

When they arrived at Live Oak, Amanda Carter entered the front office, while her husband remained outside with Dupuy. School officials informed Carter that they had been instructed not to release the girl. Carter became angry and used profanity. The school secretary warned Carter that she would have to leave the office if she continued to use profanity.

Shortly afterward, Carter stepped partially outside the office to talk to her husband. She then re-entered the office. Following Carter's exchange with her husband, Dupuy asked Carter to step outside the office. But Carter refused to leave without her daughter. Surveillance footage depicts her gesturing angrily while speaking to Dupuy.

Dupuy grasped Carter's arm and pulled her toward the door. When Carter refused to move, Dupuy pushed her a few inches through the office doorway.

Carter sued Dupuy, along with Sheriff Jason Ard. She alleged that Dupuy's use of force violated her Fourth Amendment rights. She also brought Louisiana state law claims against Dupuy for negligence, assault, and battery, and against Sheriff Ard under a respondeat superior theory.

Dupuy and Sheriff Ard moved for summary judgment, asserting qualified immunity. The district court denied their motion.

On appeal, Dupuy contends that the district court erred in denying him summary judgment as to qualified immunity, and that Carter's state law claims should be dismissed because he did not use excessive force.

We agree and accordingly reverse.

## II.

We review a denial of summary judgment based on qualified immunity "to the extent it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "Where that denial was because of genuine issues of material fact, we do not have jurisdiction to review the genuineness of any factual disputes but can decide whether the factual disputes were material." *Spikes v. Wheat*, 141 F.4th 662, 667 (5th Cir. 2025) (cleaned up). We "consider only whether the district court correctly assessed the legal significance of the facts it deemed sufficiently supported for purposes of summary judgment." *Id.* (cleaned up).

Ordinarily, we review the summary judgment facts in the light most favorable for the plaintiff, drawing all reasonable inferences in her favor. *See Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). In so doing, "we must view the facts and draw reasonable inferences in the light most favorable to the plaintiff and ask whether the defendant would be entitled to qualified

immunity on those facts." *Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019). As to that question, our review is de novo. *Id.*

But "when there is video evidence available in the record, the court is not bound to adopt the non-moving party's version of the facts if it is contradicted by the record, but rather should view the facts in the light depicted by the videotape." *Scott v. City of Mandeville*, 69 F.4th 249, 254 (5th Cir. 2023) (cleaned up).

## III.

To overcome qualified immunity, Carter must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). Courts have discretion to address these two prongs in any order. *See id.* Because the first prong is dispositive here, we need not address the second.

To prevail on an excessive force claim, Carter must show "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). This inquiry is guided by the following factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. In evaluating these factors, courts consider the "totality of the circumstances." *Barnes v. Felix*, 605 U.S. 73, 80 (2025) (citation omitted).

The force at issue here consists of Dupuy grasping Carter's arm, attempting to drag her a few inches through the office doorway, and briefly pushing her through the doorway. Dupuy used force for, at most, four seconds. As soon as Carter was outside, Dupuy removed his hands from her back.

No. 25-30213

Under the circumstances, we cannot say that such de minimis force was "clearly" excessive and unreasonable. *Manis*, 585 F.3d at 843. Dupuy knew that the Department was investigating potential child abuse and that it had instructed the school not to release the girl to the Carters' custody. Carter was visibly upset, demanded custody of her child, and refused to comply with Dupuy's instructions. For the safety of everyone involved, Dupuy removed Carter from the office. Once Carter was outside, Dupuy ceased all force. We hold that the force used by Dupuy was de minimis, and that Carter suffered no violation of the Fourth Amendment. The district court thus erred in denying qualified immunity.

## IV.

We turn next to Carter's state law claims. Carter brought Louisiana state law claims against Dupuy for negligence, assault, and battery, and against Sheriff Ard under a respondeat superior theory. The district court denied summary judgment to Dupuy and Sheriff Ard as to these claims "largely for the same reasons given for the federal excessive force claim."

Although this is an interlocutory appeal of the district court's denial of qualified immunity, we may "exercise [our] discretion to consider under pendent appellate jurisdiction claims that are closely related to the issue properly before us," in the interest of judicial economy. *Morin v. Caire*, 77 F.3d 116, 119 (5th Cir. 1996). And "[a]lthough we generally exercise this power with caution, it is appropriate for us to do so in this situation, for if we were to refuse to exercise jurisdiction over the state law claims, our refusal would defeat the principal purpose of allowing an appeal of immunity issues before a government employee is forced to go to trial." *Id.* at 119–20 (cleaned up).

Under Louisiana law, excessive force can constitute negligence. *See Harvey v. City of Eunice Police Dep't*, 2010-1228 (La. App. 3 Cir. 4/6/11), 62 So. 3d 290, 293. "Excessive force transforms ordinarily protected use of

force into an actionable battery, rendering the defendant officer and his employer liable for damages." *Patton v. Self*, 2006-1029 (La. App. 3 Cir. 3/7/07), 952 So. 2d 874, 878 (citation omitted).

But Dupuy's use of force was de minimis, not "clearly excessive." *Manis*, 585 F.3d at 843. Carter's state law claims thus fail, and the district court erred in denying summary judgment.

\* \* \*

Dupuy's de minimis use of force did not violate the Fourth Amendment. Accordingly, Dupuy and Sheriff Ard are entitled to qualified immunity on Carter's Fourth Amendment claim. Carter's state law claims likewise fail, because Dupuy did not use excessive force. We accordingly reverse the denial of summary judgment.